UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SIDNEY KEYS,                )
                            )
        Plaintiff,           )
                            )
v.                          )   Case No. 4:25-cv-00872-JAR
                            )
BUSEY BANK,                 )
                            )
        Defendant.           )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Sidney Keys's application seeking leave to proceed in forma pauperis. (ECF No. 3). The Court has reviewed the application and has determined to grant it. The Court has also conducted the required review of the complaint and will dismiss this action and deny as moot Plaintiff's motion to appoint counsel.

**Background**

As documented in this Court's records, Plaintiff has a long history of filing frivolous or meritless lawsuits. He now sues Busey Bank and identifies his claims as "Racial Discrimination" and "Civil Rights Violation." (ECF No. 1 at 3). In support, Plaintiff alleges that a bank manager "made me open up a saving account in order to apply for a[] secured credit card and that's not the requirement." *Id.* at 5. He also alleges he was "denied the access to my rewards" and his account was closed. *Id.* He alleges that the rental car company Hertz illegally charged his card, causing him to exceed his credit limit, and Busey Bank "punished me for a crime that Hertz committed." *Id.* As relief, Plaintiff seeks "whatever the jury award [illegible]."

**Legal Standard**

Federal law requires this Court to review a complaint filed in forma pauperis, and dismiss it if, among other reasons, it is frivolous or fails to state a claim upon which relief may be granted.

28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must assume the veracity of well-pled facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555); *see also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

Courts liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints "must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (per curiam). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules "to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### Discussion

Plaintiff identifies racial discrimination and a civil rights violation as the basis of his

claims. Section 1981 of Title 42 of the United States Code provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). To "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). To state a prima facie section 1981 claim, a plaintiff must allege, among other things, that he was a member of a protected class and the defendant acted with discriminatory intent. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023).

Plaintiff does not identify his race or state that he belongs to a protected class. The Court will not assume facts Plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15. Additionally, Plaintiff's allegations about being made to open a savings account and being "punished" for Hertz's alleged wrongdoing do not permit the inference that Busey Bank acted with discriminatory intent.

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that it fails to state a plausible section 1981 claim. Plaintiff does not identify, and the Court cannot discern, any other potential theory of recovery. The Court will therefore dismiss this case for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and deny as moot Plaintiff's motion to appoint counsel.

The Court has considered whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court

Without Prepaying Fees or Costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of June, 2025.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE